# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| TIMOTHY J. HILL, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) Case No. CIV-17-373-D |
| JOE M. ALLBAUGH, | ) |
| Respondent. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se,[1] has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his convictions and sentences entered in Pontotoc County for child abuse and child neglect. The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondent filed a response to the Petition [Doc. No. 15] and Petitioner replied [Doc. No. 18]. On August 22, 2017, Judge Mitchell issued a Report and Recommendation (R&R or Report) in which she recommended that the Court deny the petition for habeas relief [Doc. No. 19]. Petitioner timely objected to the Report [Doc. No. 22].

---

[1] Because Petitioner is proceeding pro se, the Court reviews his objection liberally and holds it to a less stringent standard than those drafted by attorneys. However, the Court may not serve as Petitioner's attorney or advance arguments on his behalf and search the record for him. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). A petitioner's pro se status does not entitle him to application of different rules. *See id.*

The Court has read the Report and conducted a de novo review of the relevant filings. Based upon this review, and as set forth more fully below, the Court accepts the Report and adopts it as the ruling of this Court.

**BACKGROUND**

Petitioner lived in Ada, Oklahoma with Staci Lewis and their three-month old daughter, TH. On June 5, 2012, Ms. Lewis brought TH to the hospital, claiming that three days earlier, she accidently hit the infant's head on a door frame. The attending physician observed the baby's movements and the child was transported to Children's Hospital in Oklahoma City, Oklahoma, where she arrived weighing 8 pounds, eight ounces, putting her in only the 3rd percentile on infant growth charts. At Children's Hospital, tests revealed TH suffered from subdural hematomas, subarachnoid bleeds, areas of "traumatic infarction" or "traumatic stroke" (i.e., "damaged brain tissue"), and "extensive multi-layer retinal hemorrhages involving both eyes." TH also had multiple fractures to her ribs, tibia, and distal femur, which were deemed to have occurred at different times.

Dr. John Stuemky, M.D. attested that TH's brain injuries were significant and resulted in 20% to 30% of her brain dying. He testified that her head injuries were a "marker" for "shaken babies." He further stated that TH's leg fractures were caused by pulling, jerking, or twisting, a "classic physical abuse finding," and her ribs had been fractured by "squeezing." Dr. Stuemky stated that TH's injuries were

not consistent with an accident and could not explain her retinal hemmoragges and fractures. In summary, Dr. Stuemky opined that TH had been subjected to "fantastic forces" over an ongoing period of time and had been the victim of "multiple shaking incidents." With respect to TH's nutrition, Dr. Stuemky stated that TH exhibited symptoms of "failure to thrive" and notes she began to gain weight under routine care while in the hospital. TH's temporary foster mother also testified that TH gained weight while in her care.

Petitioner was charged with felony child abuse by failure to protect (Count One), in the alternative, felony child abuse by injury (Count Two), and felony child neglect (Count Three). A jury acquitted Petitioner of Count Two, but found him guilty of felony child abuse by failure to protect and felony child neglect. He was sentenced to two consecutive thirty-five year sentences. The Oklahoma Court of Criminal Appeals (OCCA) affirmed the conviction and a subsequent application for post-conviction relief was denied by the trial court. The OCCA denied Petitioner's post-application appeal. This action followed.

Petitioner raised three claims for relief: (1) the OCCA failed to fully address his claims in violation of the Sixth and Fourteenth Amendments; (2) ineffective assistance of counsel (trial and appellate); and (3) insufficient evidence.[2] After

---

[2] Judge Mitchell found that Petitioner's allegations did not assert an independent claim for prosecutorial misconduct. Petitioner does not object to this finding and

denying Petitioner's request for an evidentiary hearing, Judge Mitchell recommended that the Court reject Petitioner's first claim for relief. Judge Mitchell noted that challenges to state post-conviction procedures are not cognizable in habeas proceedings, but nevertheless found that the OCCA properly addressed Petitioner's ineffective counsel claims. R&R at 11. As to Petitioner's claim of ineffective assistance of counsel, Judge Mitchell found that, under clearly established law, Petitioner failed to meet the standard governing ineffective assistance claims set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)—namely, that his trial counsel's failure to object to certain statements by the prosecution or his appellate counsel's failure to argue his trial counsel was ineffective—was deficient or he was prejudiced by counsel's performance. *See id.* at 14-21. Lastly, with respect to Petitioner's claim of insufficient evidence, Judge Mitchell found that, under clearly established law, a rational trier of fact could conclude Petitioner willfully or maliciously failed to protect TH from child abuse and neglected her proper nutrition. *See id.* at 24. Accordingly, Judge Mitchell recommended that the Court find the OCCA reasonably applied federal law in rejecting the foregoing claims and deny Petitioner's petition for habeas relief. *See id.* at 11, 24. Petitioner timely objected to the Report.

---

the Court, based on its de novo review, finds that this conclusion is supported by the record.

# STANDARD OF DECISION

The Court must review de novo any part of a magistrate judge's report and recommendation to which a proper objection has been made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Upon the exercise of such review, the Court may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See id*. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires district courts to apply a "difficult to meet and highly deferential standard" in federal habeas proceedings under 28 U.S.C. § 2254. *Newmiller v. Raemisch*, 877 F.3d 1178, 1194 (10th Cir. 2017). This standard "demands that state-court decisions be given the benefit of the doubt." *See id*. (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). A petitioner is entitled to federal habeas relief under § 2254 only if the state court's merit-based decision either:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).[3]

---

[3] "Section 2254(d)(1)'s reference to clearly established Federal law, as determined by the Supreme Court of the United States refers to the holdings, as opposed to the dicta, of the Court's decisions as of the time of the relevant state-court decision.

A state-court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in Supreme Court cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from that precedent." *Newmiller*, 877 F.3d at 1194 (quoting *Williams v. Taylor*, 529 U.S. 405, 406 (2000) (paraphrasing omitted)). A state-court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Newmiller*, 877 F.3d at 1194 (quoting *Williams*, 529 U.S. at 407-08). "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *See id*. at 1195 (quoting Williams, 529 U.S. at 410). Thus, federal habeas relief may not be granted simply because the district court concludes that the state court's decision erroneously or incorrectly applied clearly established federal law—the application must also be unreasonable." *See id*.

Even where the state court does not explain its decision, a petitioner must still show that "there was no reasonable basis for the state court to deny relief." *See*

---

Federal courts may not extract clearly established law from the general legal principles developed in factually distinct contexts, and Supreme Court holdings must be construed narrowly and consist only of something akin to on-point holdings." *Newmiller*, 877 F.3d at 1194 (internal quotation marks, citations, and paraphrasing omitted).

*id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 98 (2011)). A court "must determine what arguments or theories supported or ... could have supported[ ] the state court's decision." *See id.* (quoting *Harrington*, 562 U.S. at 102). The court must then ask "whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court." *See id.* (quoting *Harrington*, 562 U.S. at 101). Consequently, a strong case for habeas relief does not necessarily mean the state court's conclusion was unreasonable. *See id.*

Lastly, the Supreme Court has also stated § 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Newmiller*, 877 F.3d at 1195 (quoting *Harrington*, 562 U.S. at 102-03). "Thus, 'a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *See id.* (quoting *Harrington*, 562 U.S. at 103). "If [it seems like] this standard is difficult to meet, that is because it was meant to be." *See id.* (quoting *Harrington*, 562 U.S. at 102) (paraphrasing in original). "At all times, '[t]he petitioner carries the burden of proof.'" *See id.* (quoting *Pinholster*, 563 U.S. at 181).

7

## DISCUSSION

**I.     PETITIONER'S MOTION TO VACATE**

At the onset, Petitioner moves to strike the R&R on that basis that, in his view, the Magistrate Judge exceeded her jurisdiction by taking on "the theatrical role of a party" in analyzing his claims. The Court finds no merit to this contention. The Magistrate Judge correctly evaluated Petitioner's claims under controlling federal precedent and was required to view the evidence leading to his conviction in the light most favorable to the prosecution. Petitioner's repeated accusations that the Magistrate Judge assumed the role of an advocate in reviewing his claim finds no support in the record, and his Motion to Vacate the Report and Recommendation is denied.

**II.    THE REPORT AND RECOMMENDATION[4]**

**A.     Ineffective Assistance of Counsel**

Petitioner contends his attorney was ineffective in the following ways: (1) failing to investigate and call Staci Lewis as a witness; (2) failing to object to

---

[4] Petitioner also objects to Judge Mitchell's refusal to construe his petition as raising an independent habeas claim based on actual innocence. But as Judge Mitchell noted, this claim was unexhausted and cannot form an independent basis for federal habeas relief. *Slinkard v. McCollum*, 675 F. App'x 851, 855 (10th Cir. 2017) (unpublished); *Brown v. Oklahoma*, 291 F. App'x 907, 909 (10th Cir. 2008) (unpublished) ("[T]he demonstration of actual innocence merely provides a gateway to allow federal habeas review of a procedurally defaulted claim. It is not itself a basis upon which habeas relief may be granted.") (citing *Herrera v. Collins*, 506 U.S. 390, 405 (1993)). Petitioner's objection is overruled.

certain instances of "prosecutorial misconduct."[5] The OCCA found Petitioner's claims to be without merit. Under clearly established law, a successful claim of ineffective assistance of counsel must meet the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must show his counsel's performance was deficient in that it "fell below an objective standard of reasonableness." *See id*. at 688. Second, the defendant must show that his counsel's deficient performance actually prejudiced his defense. *See id*. at 687. This means that "[u]nder *Strickland*, [a court must] first determine whether counsel's representation 'fell below an objective standard of reasonableness.' Then [it asks] whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Hinton v. Alabama*, 134 S.Ct. 1081, 1088 (2014) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010)). *Strickland* mandates that the Court be "highly deferential" in its review of counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Strickland*, 466 U.S. at 689.

---

[5] Judge Mitchell also rejected Petitioner's claims of ineffective *appellate* counsel. Petitioner does not contest this ruling in his Objection; therefore, the Court will not consider it. *See* Fed. R. Civ. P. 72(b)(3)(noting district court is required to determine de novo any part of the R&R "that has been *properly* objected to.") (emphasis added); *see also Burke v. Town of Walpole*, 405 F.3d 66, 71 n. 2 (1st Cir. 2005) ("[O]nly those issues fairly raised by the objections to the magistrate's report are subject to review in the district court and those not preserved by such objection are precluded on appeal.").

Coupled with the AEDPA's standard of review, "[s]urmounting *Strickland's* high bar is never an easy task," and "[e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." *Sedillo v. Hatch*, 445 F. App'x 95, 98 (10th Cir. 2011) (unpublished) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

### 1) Staci Lewis

Petitioner contends trial counsel's performance was deficient by failing to call Staci Lewis and introduce her testimony that she injured TH on previous occasions and hid the abuse from him. Petitioner contends trial counsel committed "grave unprofessional error" by attempting to admit out of court statements made by Ms. Lewis rather than calling her directly. Specifically, Petitioner states trial counsel was ineffective in failing to present the following evidence: (1) a recorded interview in which Ms. Lewis admitted to injuring TH and dropping TH in the shower and catching her by the leg; (2) letters from Ms. Lewis wherein she admitted to harming TH; (3) Ms. Lewis' apologies for hiding the abuse from Petitioner; and (4) Ms. Lewis' "erratic behavior" upon being released on bond. According to Petitioner, his "entire defense was founded upon [trial counsel] presenting the evidence of Ms. Lewis confessing to the abuse and hiding the abuse from him." Obj. at 6.

The Court finds the OCCA's decision to deny Petitioner's ineffective assistance of counsel claim did not violate clearly established federal law. As indicated above, the question "is not whether a federal court believes the state court's determination" under *Strickland* "was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009); *Hooks v. Workman*, 689 F.3d 1148, 1187 (10th Cir. 2012).

The OCCA reasonably could have concluded defense counsel's performance was not deficient. The jury heard testimony from state investigators who interviewed Ms. Lewis. The investigators relayed Ms. Lewis' confessions whereby she admitted to hitting TH's head against a door frame and hiding that abuse from Petitioner. The jury also heard evidence that Ms. Lewis pled guilty to child abuse and neglect and that TH's abuse had been ongoing. On this issue, the Court cannot unequivocally find that Counsel's failure to admit similar evidence regarding Lewis' action fell below an objective standard of reasonableness. Moreover, in light of the aforementioned evidence concerning Ms. Lewis, the Court cannot also say that the result of the trial would have been different had the evidence sought by Petitioner been admitted. The jury heard evidence that Ms. Lewis had injured the

child and hid her actions from Petitioner. Petitioner's objections on this issue are overruled.

### 2) *Prosecutor's Statements*

Petitioner alleges that the prosecutor's comments regarding the element of "willful and malicious"[6] and TH's condition constituted prosecutorial misconduct during the trial. Petitioner also alleges the prosecutor unlawfully shifted the burden of proof to Petitioner. To this end, Petitioner claims ineffective assistance of trial counsel in failing to object to the prosecutor's statements—statements he contends "violated the Constitution and so infected the trial with unfairness as to make the resulting conviction a denial of due process." Obj. at 9.

Before the Court can assess whether counsel's performance was deficient in this regard, the Court must determine, as Petitioner contends, whether the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Stouffer v. Trammell*, 738 F.3d 1205, 1221 (10th Cir. 2013) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986));

---

[6] Title 21 OKLA. STAT. § 843.5 generally states that any parent or other person who "willfully or maliciously" engages in child abuse or child neglect shall be guilty of a felony. Under the statute, "child abuse" means, *inter alia*, the "willful or malicious" failure to protect from harm the health, safety, or welfare of a child. *Id.* § 843.5(A). "Child neglect" means the "willful or malicious" neglect of a child. *Id.* § 843.5(C); *see also Oklahoma Uniform Jury Instructions-Criminal* (OUJI-CR) §§ 4-35, 4-37. For purposes of the statute, "willful" means "a willingness to commit the act or omission referred to." OUJI-CR § 4-40D. "Malicious" means "a wish to vex, annoy or injure another person." *Id*.

*Hamilton v. Mullin*, 436 F.3d 1181, 1187 (10th Cir. 2006). As stated, the Court remains mindful that an unreasonable application of federal law is different from an incorrect application of federal law. *Williams v. Taylor*, 529 U.S. 362, 410 (2000). AEDPA thus prohibits the Court from treating a prosecutorial statement as error if "there is any reasonable argument" to the contrary. *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Because there is a reasonable argument none of the statements were error, the Court holds the OCCA reasonably could have concluded counsel's performance was not deficient in this regard.

The prosecutor argued that Petitioner's reluctance to reference TH as "the baby"—rather than her name—and the fact Petitioner stayed in the house while Ms. Lewis worked exhibited willful or malicious conduct. Although it is improper for a prosecutor to misstate the law or evidence, *Stouffer v. Trammell*, 738 F.3d 1205, 1221 (10th Cir. 2013), a prosecutor is allowed considerable latitude in responding to defense arguments, commenting on the evidence, and arguing inferences therefrom. *United States v. Gomez-Olivas*, 897 F.2d 500, 503 (10th Cir. 1990).

With these standards in mind, the Court finds the comments in this case were proper. The prosecutor's statements concerning the "willful and malicious" factor simply argued that Petitioner's conduct satisfied that element. The prosecutor's statements concerning TH's nutrition were supported by evidence

showing that TH showed "failure to thrive" symptoms upon admittance to the hospital, and gained weight while in the hospital and upon release to foster care. Although Petitioner has presented what he views as conflicting evidence, the dispositive factor at this stage of the proceedings is whether there is any reasonable argument for the prosecutor's statements. Here, the prosecution was permitted to comment on the evidence and argue what it felt were reasonable inferences to deduct from such evidence. The Court finds no error in this regard.

Lastly, the Court finds the prosecutor's argument did not shift the burden of proof to Petitioner in light of the trial court's subsequent instructions to the jury that the burden of proof is with the government. *See Gomez-Olivas*, 897 F.2d at 503-04. In sum, the Court finds Petitioner has not shown that the OCCA's conclusion that there was no ineffective assistance of counsel "was contrary to, or involved an unreasonable application of, clearly established Federal law" under § 2254. In fact, he has not shown ineffective assistance at all.

B. **Insufficient Evidence**

Petitioner lastly contends there was insufficient evidence of guilt. The Supreme Court clearly established the constitutional right to sufficient evidence of guilt in *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). *See Lott v. Trammell*, 705 F.3d 1167, 1219 (10th Cir. 2013) (agreeing *Jackson* provided "the clearly established law applicable to [an insufficient evidence] claim"). So, the question is

"whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. *Jackson's* standard for evidence sufficiency "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id*. at 324 n.16.

To convict Petitioner of child abuse by failure to protect, the State had to prove: (1) he was a person responsible for a child's health, safety, or welfare; (2) he willfully/maliciously; (3) failed to protect from harm/(threatened harm) the health, safety, or welfare; (4) of a child under the age of eighteen. OUJI-CR § 4-35. To convict Petitioner of child abuse by failure to protect, the State had to prove: (1) he was responsible for the child's health, safety, or welfare; (2) Petitioner willfully/maliciously; (3) failed/omitted to provide; (4) *inter alia*, either adequate nurturance, food, care, or supervision; (5) for a child under the age of eighteen. OUJI-CR § 4.37. As noted above, "willful" means "a willingness to commit the act or omission referred to." OUJI-CR § 4-40D. "Malicious" means "a wish to vex, annoy or injure another person." *Id*.

As illustrated above, viewing the evidence in the light most favorable to the prosecution, the State provided evidence establishing that Petitioner lived with TH, was a primary caretaker, yet TH had suffered multiple instances of shaking and abuse, resulting in, at different times, significant injuries to her head and body.

When TH was admitted to the hospital, she was malnourished. This supports a finding that Petitioner deliberately failed to protect TH from harm and provide her with proper nurturance, food, care, or supervision. More importantly, Petitioner has failed to show the OCCA unreasonably applied *Jackson* in rejecting his claim. Accordingly, the Court finds that Petitioner's insufficiency of the evidence claim is without merit and his objection on this issue is overruled.

## C. Evidentiary Hearing

A district court has discretion in determining whether to allow an evidentiary hearing on a § 2254 claim. *Hooks v. Workman*, 606 F.3d 715, 731 (10th Cir. 2010). Because each of Petitioner's claims can be resolved on the basis of the record alone, the Court finds an evidentiary hearing is unnecessary. *See Kinkead v. Standifird*, 502 F. App'x 792, 797 (10th Cir. 2012) (unpublished) (affirming district court's denial of evidentiary hearing where each of petitioner's claim could be resolved on existing record).

## CONCLUSION

The Magistrate Judge's Report and Recommendation is **ADOPTED** as set forth herein. A judgment shall be issued accordingly.

Moreover, the Court finds a certificate of appealability (COA) should not be issued. A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies

this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). Upon consideration, and for the reasons set forth herein, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**.

**IT IS SO ORDERED** this 23rd day of January 2018.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE